NOT DESIGNATED FOR PUBLICATION

No. 114,267

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TERRY O. LOGAN,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; TERRY L. PULLMAN, judge. Opinion filed July 29, 2016. Affirmed.

*Sam S. Kepfield*, of Hutchinson, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, *Derek Schmidt*, attorney general, for appellee.


Before POWELL, P.J., ARNOLD-BURGER, J., and WALKER, S.J.


*Per Curiam*:  Odessa Middlebrook and her toddler son were in their backyard when she heard Terry O. Logan repeatedly shouting the boy's name. Because Middlebrook had previously received a protection from stalking order against Logan, the State charged him with violating that order. The district court convicted him at a bench trial, and he appeals, arguing that the evidence was insufficient to support his conviction. Because we find the evidence was sufficient to support his conviction, we affirm it.

1

In May 2014, Logan trespassed on Middlebrook's property and pruned a number of trees that had helped obscure the view between their homes. After this incident, Middlebrook petitioned for and received a protection from stalking order against Logan. The order barred Logan from communicating either directly or indirectly with Middlebrook or her children.

But a little less than 6 months later, Middlebrook and her toddler son were in her backyard when she "heard . . . someone screaming [her] son's name over and over and over again." Middlebrook rounded the corner of her shed and spotted Logan standing in front of his van with the hood up. Her son, recognizing his name, responded by turning toward Logan.

Consequently, the State charged Logan with violating the protection order. The case proceeded to a bench trial, where Middlebrook testified about Logan shouting her son's name. Middlebrook acknowledged that despite the tree-pruning incident, she had only had one conversation with Logan. While she did not recall telling him her son's name, she noted that during their conversation, Logan asked about her children in a way "that sent up a red flag." Middlebrook acknowledged that he never physically threatened them or went beyond shouting the child's name. Still, she emphasized that Logan sometimes stood in his yard or the yard of the vacant home next door, snapping sticks while watching her house and children.

In contrast, Logan testified that he spent the day of the incident running errands around town. While he acknowledged speaking to Middlebrook when he pruned the trees, he stated that he did not recognize her at the trial. He denied ever trespassing on Middlebrook's property or watching her, and he maintained that he never called the boy's name. In fact, although he admitted working on his van, he claimed it occurred days

before the incident in question. In short, he testified that he never saw or shouted to Middlebrook's son.

After hearing all the evidence, the district court found Logan guilty. In explaining this decision, the district court compared Middlebrook's emotional discomfort while testifying to Logan's "very defensive" demeanor. Finding that "it does boil down to an issue of credibility," the district court determined that Middlebrook was "by far the more credible witness" and accepted her account as true.

The district court sentenced Logan to 12 months' imprisonment. Logan timely appealed.

ANALYSIS

On appeal, Logan claims that there is insufficient evidence to support his conviction. When the sufficiency of evidence is challenged in a criminal case, the appellate court reviews the evidence in the light most favorable to the prosecution to determine whether a rational factfinder could have found the defendant guilty beyond a reasonable doubt. *State v. Williams*, 299 Kan. 509, 525, 324 P.3d 1078 (2014). In determining the sufficiency of the evidence, the appellate court generally will not reweigh the evidence or reconsider witness credibility. 299 Kan. at 525. Moreover, a verdict can be supported by circumstantial evidence, provided that evidence allows the factfinder to reasonably infer the existence of the fact at issue. *State v. Brooks*, 298 Kan. 672, 689, 317 P.3d 54 (2014). Even a conviction of the gravest offense can be based entirely on circumstantial evidence. 298 Kan. at 689.

An individual commits a crime when he or she knowingly violates a protection from stalking order. K.S.A. 2015 Supp. 21-5924(a)(6). In this particular case, both parties recognize that the district court entered a protection from stalking order against Logan, and Logan acknowledged receiving the protection order in question. The only real issue,

3

then, is whether Logan violated the terms of the order, which prevented him from (among other things) harassing, contacting, or communicating with Middlebrook and her children. The order specified that it covered both direct and indirect communication.

In his brief, Logan argues both that he never spoke to Middlebrook's son and that even if he *did* communicate with the child, the State failed to prove his intent. To bolster these arguments, Logan points to a number of supposed shortcomings in Middlebrook's testimony, including her ability to recognize Logan's voice despite their status as near-strangers and the fact she never told Logan her son's name. Between these issues and Logan's outright denial of Middlebrook's account, Logan argues that the State never proved its case beyond a reasonable doubt.

But in the end, both of Logan's arguments circle back to the key question at trial: witness credibility. While Logan maintains that the incident with the boy never happened, Middlebrook unequivocally testified that Logan communicated indirectly with her son by repeatedly yelling his name. Moreover, the boy clearly heard Logan calling his name as he turned and looked over at Logan and his van. And although Logan contends that the State failed to show that he intended to talk to the child, all elements of an offense, even intent, can be proven by circumstantial evidence. See *State v. Richardson*, 289 Kan. 118, 128, 209 P.3d 696 (2009) ("Prosecutors are routinely called upon to prove a defendant's specific intent . . . and normally must carry that burden with circumstantial evidence."). Certainly, shouting a name several times provides at least circumstantial evidence of an intent to communicate with that individual.

Despite their conflicting accounts, the district court explicitly found Middlebrook's testimony more credible. In fact, the district judge pointed to specific mannerisms that tended to either bolster or diminish the credibility of their respective accounts. By asking this court to disregard this assessment and focus instead on the few inconsistencies in Middlebrook's testimony, Logan essentially urges this court to reconsider the weight and

4

credibility of the evidence—something this court cannot do. See *Williams*, 299 Kan. at 525.

In short, when viewing the evidence in the light most favorable to the prosecution, Middlebrook's testimony sufficiently proved that Logan knowingly violated the protection order, and the district court found this testimony credible. Accordingly, Logan's conviction is affirmed.

Affirmed.